IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HAYZEN TURNER, JR.,** } | |
| } | |
| **Movant/Defendant,** } | |
| } | |
| v. } | Case No.: 2:09-CV-8006-VEH- |
| } | PWG (2:07-CR-114-VEH-PWG) |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **Respondent .** } | |
| } | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Movant's Motion to Reconsider (Doc. 19) ("Memorandum of Law and Facts Supporting Motion for Reconsideration"), filed on December 3, 2012. In the Motion, Movant cites several grounds upon which he urges the court to revisit its order denying him relief under 28 U.S.C. § 2255 (Doc. 17) ("Memorandum Opinion"). In an attached affidavit (Doc. 19, pp. 28-29), he also moves that the undersigned judge recuse herself in the present case. As Movant fails to raise relevant material justifying reconsideration of the original order, the Motion is **DENIED**. Additionally, because Movant fails to state a valid ground for recusal under 28 U.S.C. § 455(a), the attached Motion is also **DENIED**.

**I.     STANDARDS OF REVIEW**

    **A.     Reconsideration**

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy to be employed sparingly. *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (quoting *Lamer Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999)) (quotation marks omitted), *aff'd*, 419 F.3d 1208 (11th Cir. 2005); *see also Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Indeed, as a general rule, a motion to reconsider is only available when a party presents the court with (1) evidence of an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

It is well established in this circuit that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (citing *Villaflores v. Royal Venture Cruise Lines, Ltd.*, No. 96-2103, 1997 WL 728098, at *2 (M.D. Fla. Nov. 17, 1997), *aff'd in part, vacated in part by Wilkins v. Commercial Investment Trust Corp.*, 153 F.3d 1273 (11th Cir. 1993)), *aff'd*, 64 F. App'x. 743 (11th Cir. 2003). Furthermore, the Eleventh Circuit has declared that "a

motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir.1997) (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider when movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379–81 (M.D. Ga. 2001) (similar). Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected. *American Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x. 668 (6th Cir. 2003)*; see also Lazo v. Washington Mutual Bank*, 10 F. App'x. 553 (9th Cir. 2001) (denying motion to reconsider where movant merely reiterates meritless arguments).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact. *See* Fed.R.Civ.P. 60(b); *see also Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir.1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.") (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023–24 (11th Cir. 2000).

### B. Recusal

Federal law requires that a Judge recuse herself when there is an appearance of impropriety. *U.S. v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). Section 455(a) provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988). Therefore, the standard of review for a § 455(a) motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). The Eleventh Circuit has instructed that any doubts about a judge's impartiality must be resolved in favor of recusal. *Patti*, 337 F.3d at 1321 (citing *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)). A judge's refusal to recuse is reviewed for abuse of discretion. *U.S. v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (citing *U.S. v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004)).

### III. ANALYSIS

### A. Reconsideration Motion

In his Motion, Movant does not offer any proof of an intervening change in controlling law, of the availability of new evidence that would bear on this case, or of a necessity to correct clear error or manifest injustice. *See Summit Medical Center*, 284 F. Supp. 2d at 1355 (M.D. Ala. 2003). Rather, he appears to be merely rehashing arguments previously considered and rejected from his antecedent § 2255 proceeding. *See Lazo*, 10 F. App'x. at 553. Accordingly, his Reconsideration Motion is **DENIED.**

### B.   Recusal Motion

The court finds that "no fully informed, objective, and disinterested lay observer could entertain a significant doubt about the undersigned [j]udge's impartiality in the present case." *U.S. v. Williams*, No. 6:01-cr-88-Orl-19KRS, 2007 WL 170305, at *2 (M.D. Fla. Jan. 18, 2007). Furthermore, Movant's Motion fails to state a valid ground for recusal.

The motion for recusal in the present case rests on two foundations, both concerning the undersigned judge's conduct: (1) her orders denying Movant's motions during his previous § 2255 proceeding, and (2) her ultimate ruling denying him relief in that proceeding. Doc. 19, pp. 16-17, 19. Together, according to Movant, these actions reveal the judge's bias toward the Government and thus undermine the court's appearance of impartiality that is required under federal law. However, adverse rulings by a judge against a petitioner seeking that judge's recusal are not themselves legitimate

5

grounds for recusal. *See, e.g., Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). In addition, opinions formed by a judge on the basis of evidence introduced or events occurring during current or prior proceedings are seldom grounds for a judge to recuse herself from a case. *Liteky*, 510 U.S. at 555; *U.S. v. Kimball*, 73 F.3d 269, 273 (10th Cir. 1995). As the Eleventh Circuit has explained:

> The alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. Thus, a motion for disqualification may not ordinarily be based on the judge's rulings in the same case. An exception to the general rule that the bias must stem from an extrajudicial source exists where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.

*U.S. v. Meester*, 762 F.2d 867, 884 (11th Cir.1985) (internal citations omitted) (internal quotation marks omitted).

In the present case, Movant has not identified any extrajudicial source for bias exhibited by the undersigned judge. Likewise, he has not substantiated any "pervasive bias and prejudice" revealed by her rulings, apart from the bare fact that they align with the Government's position. *Id*. In fact, the undersigned judge learned of Movant and his underlying conduct exclusively as presiding judge in his prior § 2255 proceeding. None of her actions taken there or in the present case raise an inference of personal bias or reflect "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Accordingly, his Recusal Motion is **DENIED.**

## IV.   CONCLUSION

Accordingly, for all the reasons explained above, Movant's Motion for

Reconsideration is **DENIED**, and his Motion for Recusal is also **DENIED**.

**DONE** and **ORDERED** this the 7th day of December, 2012.

                                                                  _____
                                                                  **VIRGINIA EMERSON HOPKINS**
                                                                  United States District Judge